UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PATRICK AUSTIN,

                              Plaintiff,

     -against-

77BOONGS FOOD INC. d/b/a BOONGS
and 1405 SECOND AVENUE LLC,

                              Defendants
-------------------------------------------------------------x

**Case No.**   1:26-cv-3484

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Patrick Austin (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as

and for the Complaint in this action against defendants 77Boongs Food Inc. d/b/a Boongs and 1405

Second Avenue LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.        This action arises from defendants' ongoing failure to comply with laws requiring

equal access for individuals with disabilities. Plaintiff seeks declaratory and injunctive relief, as well

as damages, attorney's fees, costs, and expenses, to remedy discrimination in violation of Title III of

the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., its implementing regulations, the New

York State Executive Law § 296, New York Civil Rights Law § 40, and the New York City

Administrative Code § 8-107. Defendants own, lease, operate, and/or control a place of public

accommodation that does not comply with these requirements, and are responsible for the acts and

omissions of their agents and employees.

2.        Defendants chose to disregard clear legal obligations requiring accessibility,

prioritizing cost savings over compliance. In doing so, they effectively excluded individuals

with disabilities from full participation in their business. This lawsuit seeks to compel

compliance and ensure that plaintiff is afforded the same access provided to non-disabled

patrons.

1

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA. The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5.      Plaintiff is, and at all relevant times was, a resident of New York County, New York.

6.      Plaintiff is confined to a wheelchair due to a serious spinal injury involving the L3 through L5 vertebrae, along with associated nerve damage. These conditions substantially limit his ability to walk and significantly impair his mobility and range of motion.

7.      Defendants operate and/or lease the property located at approximately 1405 Second Avenue, New York, New York. Each defendant conducts business within the State of New York and operates a place of public accommodation at that location.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.      Defendants own, lease, lease to, control, and/or operate a place of public accommodation within the meaning of the ADA, 42 U.S.C. § 12181, 28 C.F.R. § 36.104, the Executive Law, and the Administrative Code. The Premises is a commercial facility operated by a private entity affecting commerce and therefore subject to these statutes.

9.      The Premises contains architectural barriers that impede access for individuals with disabilities, including plaintiff.

2

10. Upon information and belief, the Premises was designed and constructed for first occupancy after January 26, 1993. Upon further information and belief, defendants made alterations to the Premises after January 1992, including to areas connected with or adjacent to the facility.

11. Upon information and belief, portions of the Subject Facility were altered after the effective date of the ADA. Pursuant to 42 U.S.C. § 12183(a)(2) and 28 C.F.R. § 36.402, each such altered area, together with the path of travel to the altered area, was required to be made readily accessible to and usable by individuals with disabilities to the maximum extent feasible. Depending on when the alterations occurred, compliance was and is required with either the 1991 ADA Standards for Accessible Design or the 2010 ADA Standards for Accessible Design. In either case, the only permissible defense is technical infeasibility. To the extent the altered areas fail to conform, they remain in violation of Title III.

12. Plaintiff regularly travels throughout New York City and frequently visits the neighborhood where the Premises is located for dining, shopping, and outings with family. He uses an electric wheelchair for mobility and occasionally relies on public transportation.

13. On or about October 19, 2025, plaintiff attempted to visit the Premises to purchase food, including Korean chicken and menu items advertised by defendants. He was unable to enter due to accessibility barriers that remain in place.

14. At the entrance, plaintiff encountered a step without any accessible means of entry and without any method to request assistance from inside. This condition prevented access and caused plaintiff to feel excluded and humiliated.

15. Plaintiff intends to return once the barriers are removed. The Premises is located within a short distance of plaintiff's residence, making future visits likely.

16.     The goods, services, and facilities offered at the Premises are not accessible to individuals with disabilities as required by the ADA Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and the 1991 and 2010 Standards.

17.     As a result of defendants' noncompliance, plaintiff has been denied full and equal access to the Premises.

18.     The Premises has not been designed, constructed, or altered in compliance with applicable accessibility standards, including the 1991 Standards, the 2010 Standards, the Administrative Code, and applicable New York City building codes.

19.     The barriers encountered by plaintiff, and those that continue to deter him, include but are not limited to the following:

20.     **Inaccessible entrance and route.** The entrance contains a change in level in the form of a step without a compliant ramp or other accessible means of entry, and no accessible route is provided. There is also no accessible means of egress. These conditions violate 28 C.F.R. Part 36, including Sections 206, 303, 402, 404, and 405, which require that at least one accessible route connect public sidewalks and transportation points to an accessible entrance, that entrances be located on an accessible route, and that changes in level greater than one-half inch be ramped or otherwise made accessible.

21.     **Non-compliant dining surfaces.** Dining tables within the interior do not provide the required knee and toe clearance, and the required percentage of accessible seating is not provided. These conditions violate 28 C.F.R. Part 36, Section 902, as well as Sections 305 and 306, which require a minimum number of accessible dining surfaces with appropriate clear floor space and knee and toe clearance.

22.     **Service counter height violations.** The service counter exceeds the maximum

4

allowable height and does not provide a compliant accessible portion. This violates 28 C.F.R. Part 36, Sections 227 and 904, which require that a portion of the counter be no higher than 36 inches and provide appropriate clear floor space for access.

23.    The foregoing is not an exhaustive list of accessibility barriers at the Premises. A full inspection will likely identify additional violations. Plaintiff intends to amend the complaint to include any such violations discovered.

24.    A comprehensive inspection of the Premises is necessary to identify all violations and ensure complete remediation, as required by the ADA's remedial purpose. Without such inspection, defendants' noncompliance cannot be fully addressed, and piecemeal litigation would result.

25.    Defendants have denied plaintiff the ability to fully and equally access and benefit from the services offered at the Premises because of his disability.

26.    Defendants have failed to implement policies, practices, and procedures that comply with applicable accessibility laws, and have not provided reasonable accommodations or modifications necessary to afford access to individuals with disabilities.

27.    Plaintiff continues to face a real and immediate threat of repeated discrimination due to the ongoing existence of these barriers. The conditions at the Premises deter him from returning, despite his desire to do so.

28.    Plaintiff regularly travels to the surrounding area and intends to visit the Premises multiple times once it is made accessible, and to enjoy the goods and services offered there on equal terms.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

29.     Plaintiff repeats and incorporates all prior allegations as though fully set forth herein.

30.     Plaintiff has a disability within the meaning of the ADA, as his spinal injury and resulting limitations substantially restrict his ability to walk and move, requiring the use of a wheelchair.

31.     Under the ADA, both property owners and tenants of a place of public accommodation are jointly and severally responsible for compliance. See 28 C.F.R. § 36.201(b). Liability cannot be avoided through contractual allocation of responsibility between them.

32.     Defendants have denied plaintiff equal access to their facility and have subjected him to unequal treatment because of his disability. Their policies and practices have had a discriminatory effect on plaintiff and similarly situated individuals.

33.     By maintaining an inaccessible facility, defendants have effectively communicated that individuals with disabilities are unwelcome and excluded from their establishment.

34.     Defendants designed, constructed, and/or maintain a facility that is not readily accessible to and usable by individuals with disabilities, in violation of 42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401.

35.     The Premises fails to provide an integrated and equal experience for individuals with disabilities, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

36.     Following alterations to the Premises, defendants failed to ensure accessibility to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406.

37.     Defendants also failed to make the paths of travel to altered areas accessible,

6

as required by 28 C.F.R. § 36.403.

38.     Applicable regulations require that noncompliant elements be brought into conformity with the 2010 Standards, see 28 C.F.R. § 36.406, yet defendants have not done so.

39.     Defendants have not removed architectural barriers where such removal is readily achievable, in violation of 28 C.F.R. § 36.304, despite the fact that making the Premises accessible is readily achievable.

40.     By failing to eliminate these barriers, defendants have discriminated against plaintiff on the basis of disability in violation of 42 U.S.C. § 12182(a) and § 12182(b)(2)(A)(iv), as well as 28 C.F.R. § 36.304.

41.     Alternatively, defendants failed to provide reasonable alternative methods to make their goods and services available, as required by 28 C.F.R. § 36.305.

42.     Defendants' conduct reflects a pattern and practice of discrimination in violation of the ADA and its implementing regulations, 28 C.F.R. Part 36.

43.     Defendants continue to violate the ADA by maintaining an inaccessible public accommodation.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

44.     Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

45.     Plaintiff suffers from medical impairments that, individually and collectively, substantially limit normal bodily functions, including walking and range of motion. He is therefore a person with a disability within the meaning of New York Executive Law § 296.

46.     Defendants have denied plaintiff equal access to their place of public accommodation and have treated him differently because of his disability.

47.     By maintaining and operating a facility that is not accessible, defendants have

7

engaged in unlawful discrimination in violation of Executive Law § 296(2). Each defendant is also liable for aiding and abetting the discriminatory conduct.

48.    Defendants have failed to remove barriers to access where such removal is readily achievable, in violation of Executive Law § 296(2)(c)(iii).

49.    Alternatively, defendants failed to provide reasonable alternatives to barrier removal, in violation of Executive Law § 296(2)(c)(iv).

50.    Making the Premises accessible is readily achievable and would not impose an undue burden or hardship on defendants.

51.    As a direct result of defendants' conduct, plaintiff has suffered and continues to suffer emotional harm, including embarrassment, humiliation, stress, and anxiety.

52.    Plaintiff has sustained damages and will continue to sustain damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

53.    Plaintiff repeats and incorporates all prior allegations.

54.    Plaintiff's medical conditions impair his bodily systems, including his ability to walk and move, and he is therefore disabled within the meaning of Administrative Code § 8-102(16).

55.    The Local Civil Rights Restoration Act of 2005 clarified that the Administrative Code must be construed broadly and independently of federal and state law, to provide the fullest possible protection against discrimination.

56.    Defendants have denied plaintiff the full use and enjoyment of their facility by withholding access to the accommodations, advantages, and privileges offered there because of his disability, in violation of Administrative Code § 8-107(4). Each defendant is also liable for aiding and abetting this conduct.

8

57. Defendants have created, maintained, and continue to operate a commercial space that is not accessible, thereby discriminating against plaintiff in violation of Administrative Code § 8-107(4).

58. Defendants have repeatedly refused to provide equal access to the Premises and have denied plaintiff the benefits of their services because of his disability, also in violation of Administrative Code § 8-107(4).

59. By maintaining an inaccessible facility, defendants have violated Administrative Code § 8-107(4) and Local Law 58.

60. As a direct and proximate result of defendants' actions, plaintiff has suffered emotional distress, including humiliation, stress, and embarrassment.

61. Upon information and belief, defendants' failure to make the Premises accessible was knowing, deliberate, and undertaken with reckless disregard for plaintiff's rights.

62. Defendants' longstanding noncompliance has conveyed to individuals with disabilities that they are not welcome or valued patrons.

63. Defendants acted with willful or reckless disregard for the rights of others, entitling plaintiff to punitive damages under Administrative Code § 8-502.

64. By operating a noncompliant facility, defendants have profited from their unlawful conduct by avoiding the costs of accessibility while continuing to generate revenue. These improperly retained gains, together with interest, should be disgorged.

65. Plaintiff has suffered damages and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

66.     Plaintiff repeats and incorporates all prior allegations as if fully set forth herein.

67.     Defendants' conduct constitutes discrimination under New York State Executive Law.

68.     As a result, plaintiff is entitled to recover the statutory penalties provided under Civil Rights Law §§ 40-c and 40-d for each violation.

## INJUNCTIVE RELIEF

69.     Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

70.     Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

71.     Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

72.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

73.     In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the

10

ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i.   Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii.  Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv.  Award of compensatory damages in an amount to be determined at trial;

v.   Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi.  Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

11

viii.    For such other and further relief, at law or in equity, to which plaintiff may be

justly entitled.

Dated: April 27, 2025

Manhasset, New York

Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com